## PIERSON LUMBER COMPANY v ROEHM et

Ohio Appeals, 1st Dist, Hamilton Co

Decided March 4, 1932

Charles M. Evans, for plaintiff.

Dempsey & Dempsey, Sanford Brown, William R. Collins, Cramer & Gordon, Leo Weinberger, Cincinnati, W. F. North, Harmon, Colston, Goldsmith & Hoadly, Cincinnati, Bolsinger & Black, Dale & Dale, John Bolsinger, J. G. Williams, Anthony B. Dunlap, Clarence A. Schneiders, Murphy & Murphy, Freiberg & Simmonds, and Henry M. Bruestle, Cincinnati, for defendants.

ROSS, PJ.

Rowekamp and Kasley, Inc., filed cross-petitions asserting liens. The trial court decided adversely to these lien claimants, and they perfected appeals. The cases were appealed thereby for the purposes and as to all parties.

The motion to dismiss the appeals as to Leslie J. Roehm, another cross-petitioning lien claimant, whose lien was sustained by the trial court, will, therefore, be overruled. The liens of only three claimants are disputed. The lien of Leslie J. Roehm was based upon his service as an architect, and under authority of **Clapp Co. v Fox, 124 Oh**

St, 333, such lien can not be sustained; an architect not having a lienable claim.

The lien of B. J. Rowekamp is based upon the furnishing and erecting of three fire escapes "To Charles T. Roehm, Jr., Owner and Contractor." He failed to comply with the provisions of §8312, GC, requiring the delivery to the owner of a preliminary statement, showing the names of subcontractors, persons furnishing material, with accompanying certificate indicating the amount charged and character of material and labor furnished. It is claimed that because his contract was direct with the owner, he was relieved from filing such statement and several Michigan cases are cited in support of this claim, as well as decisions of our Supreme Court, following the Michigan Court on other points in the lien law, wherein the Ohio and Michigan lien laws are identical.

In spite of such decisions we are unable to escape the mandatory force of the statute, which has been construed by our own Supreme Court to require the statements mentioned in §8312, GC, in a case almost identical to the one at bar. **Van Dorn Iron Works Co. v Erie-Huron Realty Co., et, 108 Oh St, 314.** See also: **Matzinger et v Harvard Lumber Co., 115 Oh St, 555.**

The lien of Lee Kasley, Inc., is based upon a written contract in which it is stated: "I hereby accept your bid of $1309.55 for furnishing all labor and material listed in "Electric Work" and vestibule telephones and letter box specifications." This contract was also made directly with the owner.

The authorities noted hereinbefore dispose of the claim of this lien claimant also.

Decrees may be entered accordingly, similar to that entered in the Court of Common Pleas, except as hereinbefore indicated in the case of the claim of Leslie J. Roehm.

HAMILTON and CUSHING, JJ, concur.